# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| DONNIE LEE YOUREE, | * | |
| Petitioner, | * | |
| | | CASE NO. 5:09-CV-90062 HL |
| vs. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 5:02-CR-62 HL |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner Youree's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## Procedural History

Petitioner Youree was indicted in this court on August 28, 2002. Count I of the Indictment charged Possession of Firearms by a Convicted Felon in violation of 18 U.S.C. § 922(g) and § 924(e)(1). In Count II, Youree was charged with Unlawful Transportation of Firearms in violation of 18 U.S.C. § 922(g). (Doc. 2). On January 14, 2003, Youree entered into a Plea Agreement with the Government and pled guilty to Count I of the Indictment in exchange for the Government's dismissal of Count II and other considerations. After the report of a PreSentence Investigation (PSI) to the Court and the parties, the Court sentenced Youree on April 3, 2003, to a term of imprisonment of 200 months. (Doc. 24). Youree filed no direct appeal. Therefore, his conviction and sentence became final ten days after rendition of his Judgment of Conviction, to wit, on April 13, 2003.[1]

---

[1] The judgment becomes final once the defendant exhausts, or foregoes, his opportunity to pursue direct appeal. *See Clay v. United States,* 537 U.S. 522, 123 S.Ct. 1072 (2003). A defendant has 10 days after final judgment is entered to file a Notice of Appeal. Fed.R.App.P.4(b)(1)(A). Foregoing proper filing of a Notice of Appeal begins the AEDPA 1 year period of limitation 10 days after judgment is entered in his case.

On September 14, 2009, Youree filed his first collateral attack on his conviction and sentence by way of Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. 31).

## The AEDPA Time Bar

Title 28, U.S.C. § 2255(f) provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. **"**The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Court's habeas corpus jurisdiction. . . . Congress meant to streamline and simplify (the habeas corpus process)." *Hohn v. United States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998). In *Kaufmann v. United States,* 282 F.3d 1336, 1337 (11th Cir. 2002), the Court observed, "The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides, *inter alia,* that a habeas petition *may not be filed* more than one year from 'the date on which the judgment becomes *final.'* 28 U.S.C. § 2255(a) (emphasis added).*"*

## Petitioner's § 2255 Claims

Petitioner contends at Section 18 (TIMELINESS OF MOTION) of his § 2255 Motion that:

2

> Movant's motion is timely because it is based on what constitutes newly discovered evidence. Movant had three qualifying convictions under the Armed Career Criminal Act, but one of those qualifying convictions was vacated by the Superior Court of Bibb County, Georgia on June 4, 2009, which resulted in the Movant having only two qualifying convictions under the law, not enough to trigger the Armed Career Criminal Act.
>
> After this Court entered Judgment against Movant on April 3, 2003, Movant commenced an investigation into the prior convictions he had sustained in Bibb County, Georgia. Thereafter, he filed a Petition for a Writ of Habeas Corpus on September 4, 2007,[2] challenging his Bibb County convictions. . . . On August 27, 2008, a hearing was held on the Movant's Petition. On June 4, 2009, the Superior Court entered its Order vacating the July 28, 1972, Voluntary Manslaughter conviction (Case No. 14281). . . . Accordingly, Movant is bringing this case within one year of the date that the Superior Court of Bibb County held the 1972 Voluntary Manslaughter conviction invalid. A copy of the Bibb County Circuit Court Order is attached hereto.

(Doc. 31 at 12). Petitioner also contends, in a statement in his Ground One related to the vacatur of his Voluntary Manslaughter conviction in Bibb Superior Court Case No. 14281, that:

> the (District) Court relied on the claim that Movant had three prior qualifying felony convictions, to wit: Bibb County Superior Court Case No. 14281, voluntary manslaughter; Bibb County Superior Court Case No. 25366, aggravated assault; Bibb County Superior Court Case No. 40457, possession of cocaine. These three felony convictions were utilized by the U.S. District Court to sentence Movant as an Armed Career Criminal under 18 U.S.C.§ 924(e), and sentenced Movant to 200 months of imprisonment. However, on June 4, 2009, the Superior Court of Bibb County, Georgia vacated and set aside the voluntary manslaughter conviction, holding that the Movant's guilty plea in the case was not knowing and voluntary and intelligently [made]. Without this conviction, the Movant does not have the requisite number of convictions for either violent felonies or serious drug convictions to warrant the imposition of a sentence under 18 U.S.C.§ 924 (e).

(Doc. 31 at 4). Nowhere does the Government or the District Court assert that it was relying on the

---

[2] This Court must note that Petitioner's State habeas corpus action filed on September 4, 2007, was initiated four years and five months after his federal judgment of April 3, 2003.

3

three above enumerated felony convictions for determining Petitioner Youree to be an Armed Career Criminal. That assertion is Youree's alone in his belated § 2255 Motion. His contention that the vacatur of Bibb Superior Court Case No. 1481, the Voluntary Manslaughter conviction to which he plead guilty in 1972, is newly discovered evidence making the District Court's Armed Career Criminal determination invalid is the first issue which must be addressed.

## Title 18, United States Code § 924

The relevant portions of Subparagraph **(e)** of the above named statute provides:

> **(1)** In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provisions of the law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under 922(g).[3]
>
> **(2)** As used in this subsection –
>     **(A)** the term "serious drug offense" means –
>         **(ii)** an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C.§ 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law;
>     **(B)** the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, ... .

## The Indictment

The Government did not rely on the three felonies which Petitioner Youree has enumerated

---

[3] The District Court must note that Petitioner Youree's convictions for Possession of a Firearm by a Convicted Felon under 18 U.S.C.§ 922(g) have not been challenged and are not at issue here. Youree claims in his § 2255 Ground One only that "the sentence of 200 months exceeds the 10-year statutory maximum of 18 U.S.C.§ 922(g)(1)." (Doc. 31 at 4).

4

in Ground One of his Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 31 at 4), as recited above.  To the contrary, in Count I of the Indictment charging Possession of Firearms by a Convicted Felon in violation of 18 U.S.C.§ 922(g)(1) and 924(e)(1), the Government added the following:

> Said crimes punishable by imprisonment for a term exceeding one (1) year being more particularly described as:
>
> **1)** the offense of Voluntary Manslaughter in the Superior Court of Bibb County, Georgia in Criminal Case No. 14281 on July 28, 1972;
>
> **2)** the offense of Possession of a Firearm by a Convicted Felon in the Superior Court of Bibb County, Georgia in Criminal Case No. 21721 on March 17, 1981;
>
> **3)** the offense of Violation of the Georgia Controlled Substances Act, Possession with Intent to Distribute Marijuana in the Superior Court of Bibb County, Georgia in Criminal Case No. 22086 on November 30, 1981;
>
> **4)** the offenses of Aggravated Assault and Possession of a Firearm by a Convicted Felon in the Superior Court of Bibb County, Georgia in Criminal Case No. 23566 on October 20, 1982;
>
> **5)** the offenses of Violation of the Georgia Controlled Substances Act, Possession of Cocaine and Possession of a Firearm by a Convicted Felon in the Superior Court of Bibb County, Georgia in Criminal Case No. 93CR40457 on March 2, 1994.

(Doc. 2 at 2) (enumeration added). Assuming the vacatur of the Voluntary Manslaughter conviction enumerated at **1)** above, Petitioner Youree takes no issue in his Motion with the conviction numbered **2)** above, nor should he have.  The Sentencing Guidelines specify that, " 'Crime of violence' does not include the offense of unlawful possession of a firearm by a convicted felon," without more.  *See* U.S.S.G. § 4B1.2 Application Note 1.

Youree ignores his conviction enumerated **3)** above, the Violation of the Georgia Controlled Substances Act, Possession with Intent to Distribute Marijuana in Bibb Superior Court Case No.

5

22086. This conviction qualifies as one of the minimum of three required for the determination of an Armed Career Criminal under 18 U.S.C.§ 924(e)(1). The Georgia Controlled Substances Act, now codified as O.C.G.A. Ch. 16-13 et seq., was first enacted in 1974 (Ga.L.1974, p. 221 et seq.). That Act, former Code Ann. § 79A-811(*l*) (Ga. L.1974, pp. 221, 224) (Ga. L. 1980, pp. 432, 435) provided:

> Marijuana. (1) It is unlawful for any person to possess, have under his control, manufacture, deliver, distribute, dispense, administer, sell, or possess with intent to distribute marijuana. (2) Except as otherwise provided in this subsection . . . , any person who violates this subsection shall be punished by imprisonment for not less than one year nor more than ten years.

The remaining provisions of this subsection provided that punishment for more egregious offenses involving marijuana would be a minimum of five to ten years. *See Olson v. The State,* 166 Ga. App. 104 (1983).

Since Georgia Code Ann. § 79A-811(*l*), in effect at the time of Petitioner's conviction thereof, provided that distribution of marijuana "shall be punished by imprisonment for not less than one year nor more than ten years," Petitioner's conviction in Bibb Superior Court in Case No. 22086, Indictment enumeration **3)**, for the offense of Violation of the Georgia Controlled Substances Act, to wit, Possession with Intent to Distribute Marijuana, was an offense under State law "for which a maximum term of imprisonment of ten years or more is prescribed by law," pursuant to 18 U.S.C.§ 924(e)(1).

Petitioner Youree makes no contest of his Aggravated Assault conviction, a crime of violence, listed in the Indictment and enumerated here conviction **4),** nor does he mention his conviction **5)** for Possession of Cocaine With Intent to Distribute. Petitioner's convictions **3), 4),** and **5)** all qualify as controlled substance violations or crimes of violence which carry a maximum sentence of at least ten

(10) years as required by 18 U.S.C.§ 924(e), and, therefore, qualify Petitioner Youree as an Armed Career Criminal. Whether the Superior Court of Bibb County vacated Petitioner Youree's 1972 conviction for "involuntary manslaughter" (sic) in its Order of June 3, 2009 (Doc. 31 at 20), is of no consequence, because Petitioner still has three predicate convictions under 18 U.S.C.§ 924(e)(1) as shown. The District Court's classification of Petitioner Youree as an Armed Career Criminal is still correct.

## Actual Innocence

Petitioner Youree claims, in Ground One of his Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, that, " Movant is actually innocent of the 'armed career criminal' provisions of 18 U.S.C.§ 924(e) and the sentence of 200 months exceeds the 10 year statutory maximum of 18 U.S.C.§ 922(g)(1)." (Doc. 31 at 4). Even though this has been shown not to be true, it must be noted that Youree does not assert that he is actually innocent of the conviction for which he is serving a federal sentence, to wit, Possession of a Firearm by a Convicted Felon pursuant to 18 U.S.C.§ 922(g)(1). He asserts only that the vacatur of one of his prior convictions of an offense qualifying him as an Armed Career Criminal pursuant to 18 U.S.C.§ 924(e), should lower his guideline sentence range. *Id.*

The United States Court of Appeals for the Eleventh Circuit observed in *Justo v. Culliver,* 317 Fed. Appx. 878, 880 (11th Cir. 2008):

> We have never held that an "actual innocence" exception exists to AEDPA's one-year statute of limitations. But assuming arguendo that, in an appropriate case, such an exception might apply, *see Arthur v. Allen*, 452 F.3d 1234, 1244, *modified on* 459 F.3d 1234 (11th Cir. 2006) ("where the § 2244(d)(1) limitation period has expired and the petitioner is claiming actual innocence, we must first consider whether the petitioner can show actual innocence before we address whether an exception to the limitation period is required by the Suspension Clause"); *Sibley v. Culliver,* 377 F.3d 1196, 1205-06 (11th Cir. 2004)

7

> (because petitioner made insufficient showing of actual innocence, court declined to determine whether application of AEDPA limitations period would be unconstitutional under Suspension Clause when petitioner asserts claim of actual innocence), this case is no appropriate case: Justo fails to make a showing of actual innocence.
>
> Justo supports his actual innocence claim with no "new reliable evidence-whether it be exculpatory scientific evidence, trust worthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo,* 115 S.Ct. 851, 865 (1995). . . . **For purposes of the "actual innocence" exception to a procedural bar, the petitioner must show "factual innocence, not merely legal insufficiency."** *Blousey v. United States,* 118 S.Ct. 1604, 1611 (1998). (emphasis added).

Since it has been shown above that Petitioner Youree was properly classified as an Armed Career Criminal under 18 U.S.C.§ 924(e), because at least three of his prior convictions still satisfy the requirements of 18 U.S.C.§ 924(e)(1), his *actual innocence* claim based upon the vacatur of one violent crime felony does not make Youree *factually innocent* of the federal offense for which he is presently imprisoned as an Armed Career Criminal. There is not even *legal insufficiency* in Youree's case.

## **Vacatur and Due Diligence**

Assuming arguendo that the vacatur of Petitioner Youree's voluntary manslaughter had any effect on his armed career criminal classification and his sentence range, as he contends, the facts have been established above that four years and five months elapsed between April 3, 2003, the date of entry of Petitioner Youree's federal sentence, and September 4, 2007, the date he filed a State habeas corpus petition to challenge his predicate sentence enhancement offenses. Title 28, United States Code, Section 2255(f), in relevant part provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from . . .
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered *through the exercise of*

8

>   *due diligence.*  (emphasis added).

The United States Supreme Court in *Johnson v. United States,* 544 U.S. 295, 297, 125 S.Ct. 1571, 1577-82 (2005), held:

>   In a case in which a prisoner collaterally attacks his federal sentence on the ground that a state conviction used to enhance that sentence has since been vacated, § 2255, (f) (4)'s one-year limitations period begins to run when the petitioner receives notice of the order vacating the prior conviction, *provided that he has sought it with due diligence in state court after entry of judgment in the federal case* in which the sentence was enhanced. (emphasis added).

Justice Souter, writing for the *Johnson* Court, stated:

>   We . . . apply the fourth paragraph in the situation before us by holding that from . . . the date the District Court entered judgment in his federal case, Johnson *was obliged to act diligently* to obtain the state-court order vacating his predicate conviction. . . . Although Johnson knew that his conviction subjected him to the career offender enhancement, he failed to attack the predicate for enhancement by filing his state habeas petition until ... **more than three years** after entry of judgment in the federal case. (emphasis added).

*Id.* at 310, 311, 125 S.Ct. at 1582.  The Supreme Court's 2005 *Johnson* ruling requires that upon receiving a federal sentence, enhanced by prior state convictions, the petitioner must exercise due diligence to obtain vacatur of the State sentence or sentences used in order to collaterally attack his sentence.  The Supreme Court held that Johnson had not exercised the *due diligence* required in § 2255 (f) (4) in seeking State habeas review of his predicate sentence and denied relief on *certiorari* in his case.

Petitioner Youree's delay of four years and five months exceeds the three year delay in the *Johnson* case which the United States Supreme Court found not to meet the *due diligence* mandate of § 2255 (f) (4).   Therefore, neither can Youree avoid the AEDPA time bar.

### **The Guideline Sentence Range**

The PreSentence Investigation (PSI) reported, in ¶ ¶ 27 and 64, that Petitioner Youree

9

qualified for the armed career criminal provision of 18 U.S.C.§ 924(e) pursuant to U.S.S.G. § 4B1.4(a). The total Offense Level for an Armed Career Criminal is mandated by U.S.S.G. § 4B1.4(b)(3)(B) at 33, and a category IV Criminal History is mandated by U.S.S.G. § 4B1.4(c)(3). Cross-referencing the Sentencing Table of the applicable *Guidelines Manual* effective January 25, 2003, continues to result in a guideline sentencing range of 188 to 235 months, as found in the PSI at ¶ 90. Petitioner's sentence of 200 months was well within the guideline range, and would not be affected even by a timely vacatur of one of his violent felony convictions.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 17th day of September 2009.

**S/G. MALLON FAIRCLOTH**
**UNITED STATES MAGISTRATE JUDGE**